UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THEODORE PERRY,

      Petitioner,

                                       Case No. 1:13-CV-686

v.

                                       HON. ROBERT HOLMES BELL

MARY BERGHUIS,

      Respondent.
                                /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On February 26, 2014, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied. (ECF No. 18.) This matter is before the Court on Petitioner's objections to the R&R. (ECF No. 19.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state

court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner has raised three specific objections to the R&R.  First, he contends that the Magistrate Judge erred in concluding that his conviction under the Michigan third degree criminal sexual conduct statute ("CSC III") based on affinity, Mich. Comp. Laws § 750.520d(1)(d), is not a substantive due process constitutional error which requires relief by way of a writ of habeas corpus.  Petitioner contends that, contrary to the Magistrate Judge's analysis, *Lawrence v. Texas*, 539 U.S. 558, (2003), governs this issue because Petitioner and the complainant were both adults, their sexual relationship was consensual, and the conduct occurred in the privacy of a home.  Petitioner contends that the Michigan statute cannot be consistent with *Lawrence* and also reach his conduct.

Petitioner's challenge is not a facial challenge to the statute, but a challenge to the constitutionality of the statute as applied to the facts of his case.  As correctly noted in the R&R, such a challenge is foreclosed by Petitioner's guilty plea.  (R&R 7.) ("Because petitioner does not challenge the voluntary and intelligent nature of his guilty plea, he cannot challenge the constitutionality of the Michigan statute as applied to his case.").  Accordingly, the Court finds no merit to Petitioner's substantive due process objection.  In addition, to the extent Petitioner is making a facial challenge to the statute, the Court agrees with the Magistrate Judge that *Lawrence* does not control because it applied to homosexual activity and not to incest.  *Lowe v. Swanson*, 663 F.3d 258, 264 (6th Cir. 2011) (holding that, even assuming *Lawrence* established a fundamental right, it did not address or clearly establish

federal law regarding state incest statutes).

Petitioner's second objection relates to the Magistrate Judge's rejection of Petitioner's argument that Michigan's third-degree CSC statute, Mich. Comp. Laws § 750.520d, as applied to incest, creates a strict liability crime in violation of the Due Process Clause. In order to qualify for habeas relief, Petitioner is required to show that his conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Petitioner continues to rely on *Morrisette v. United States*, 342 U.S. 246 (1952), as the "clearly established Federal law" establishing due process requirements that were violated in this case. The Court agrees with the R&R that *Morissette* merely construed Congressional intent and did not purport to enunciate any constitutional due process rule that was binding on the states. (R&R 12 n.4.) Petitioner has not challenged this analysis, nor has he identified any other Supreme Court authority that supports his claim.

Petitioner also contends that the Magistrate Judge erred in concluding that CSC III based on affinity is a general intent crime. The case the R&R relies on, *People v. Russell*, 703 N.W.2d 107, 114 (Mich. Ct. App. 2005), involved a conviction for CSC IV rather than CSC III. CSC IV requires sexual contact for a sexual purpose. Mich. Comp. Laws § 750.520e(1)(d), § 750.520a(n). Petitioner contends that because CSC III only requires penetration and does not require that it be for a sexual purpose, it does not have a mens rea element and is a strict liability crime.

3

Petitioner's contention that CSC III based on affinity is not a general intent crime is not supported by Michigan case law. "[G]eneral intent is merely the intent to perform the physical act itself." *People v. Lardie*, 452 Mich. 231, 240, 551 N.W.2d 656, 660 (Mich. 1996), *overruled on other grounds by People v. Schaefer*, 473 Mich. 418, 703 N.W.2d 774 (2005). Under Michigan law, "third-degree criminal sexual conduct is a general intent crime proved by showing that the defendant committed a proscribed sexual act." *People v. Corbiere*, 559 N.W.2d 666, 669 (Mich. Ct. App. 1996); *see also People v. Piper*, 567 N.W.2d 483, 485 (Mich. Ct. App. 1997) ("[C]riminal sexual conduct is a general intent crime; a defendant's specific intent is not at issue."). The Court is satisfied that under Michigan law, CSC III based on affinity requires the intent to commit the physical act of penetration. Accordingly, the Magistrate Judge was correct in concluding that it is a general intent crime.

Petitioner's third objection concerns the Magistrate Judge's rejection of his ineffective assistance of counsel claim. Petitioner contends that trial counsel was ineffective for failing to challenge the constitutionality of the prosecution under the CSC III statute and for advising Petitioner to plead guilty under the demonstrably unconstitutional statute. Because the Court agrees with the Magistrate Judge's determination that neither the statute nor the prosecution under it was unconstitutional, the Court also agrees that Petitioner's ineffective assistance claim cannot be sustained.

The Court will deny Petitioner's habeas petition for the reasons stated in the R&R.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a) of the Rules Governing § 2254 Cases. Because Movant has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 19) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the February 26, 2014, R&R (ECF No. 18) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: July 14, 2014                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE